Magistrate Judge Grady J. Leupold

_____ FILED _____ LODGED
_____ RECEIVED

Jun 05, 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff

v.

LESWIN MEJIA-AMADOR,

Defendant.

CASE NO.   MJ25-5219

COMPLAINT for VIOLATION

Title 18, U.S.C., Section 922(g)(5)

BEFORE GRADY J. LEUPOLD, United States Magistrate Judge, U. S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

### (Alien in Possession of a Firearm and Ammunition)

On or about May 29, 2025, in Thurston County, within the Western District of Washington, LESWIN MEJIA-AMADOR, knowing he was an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a .357 Magnum Taurus branded firearm with a

Complaint - 1
*United States v. Mejia-Amador*
USAO No. 2025R00686

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

serialized frame (Serial Number: CR793403), and ammunition, that is: .38 Special +P and .357 Magnum calibers, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(5).

And the complainant states that this Complaint is based on the following information:

I, Daniel A. Orlando, being first duly sworn on oath, depose and say:

**<u>INTRODUCTION</u>**

1.     I am a Special Agent (SA) with Homeland Security Investigations (HSI) and have been so since November of 2022. As an HSI SA, I am an "Investigator or Law Enforcement Officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States, who is empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516(1). I am currently assigned to the HSI Resident Agent in Charge (RAC) Tacoma Office.

2.     Prior to my commission as a SA with HSI, I was a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) and had served in that capacity since April of 2019. During my tenure with the FBI, I investigated criminal enterprises, narcotics, violent crime, and gang activity. Aside from my commission as an FBI TFO, I was employed as a Deputy Sheriff and Detective in Central Florida and had been employed as such since 2009. I have participated as a case agent, co-case agent, undercover, and investigative agent in gang related, violent crime, narcotics, and other investigations. I have also been the affiant on numerous arrest warrants, search warrants, and court orders at the Federal and State level.

3.     Over the last approximately sixteen (16) years as a sworn law enforcement officer, I have received extensive training and experience concerning investigations of federal and state violations of law. In connections with my duties and responsibilities as a HSI SA, FBI TFO, and Detective, I have testified in federal and state judicial proceedings

Complaint - 2
*United States v. Mejia-Amador*
USAO No. 2025R00686

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

and prosecutions for violations of federal and state law. As an HSI SA, I have received extensive training in a variety of investigative and legal matters of violations of federal and state law. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. § 922(g)(5) – Alien in Possession of a Firearm and Ammunition.

4. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

5. Because this Complaint is submitted for the limited purpose of establishing probable cause, it does not set forth each and every fact that I or others have learned during the course of this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Leswin MEJIA-AMADOR has committed the offenses of Alien in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code Section 922(g)(5).

**SUMMARY OF PROBABLE CAUSE**

6. United States Citizenship and Immigration Services (USCIS) maintains an alien registration administration file, commonly referred to as an "A-file," on MEJIA-AMADOR. This file is the official immigration file maintained by USCIS and is a consolidated repository of all known immigration contacts with MEJIA-AMADOR. I have reviewed documents related to MEJIA-AMADOR's A-file. These documents pertain to MEJIA-AMADOR's identity and alienage and show that he is a native and citizen of Honduras, and that he has no legal immigration status to enter, be in, and remain in the United States.

Complaint - 3
*United States v. Mejia-Amador*
USAO No. 2025R00686

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

HSI TIPLINE REPORT LEAD

7.    On or about May 28, 2025, HSI SAs identified a lead from the HSI Tipline that a subject named Leswin MEJIA-AMADOR, a Honduran citizen, had entered the United States at an unknown time and at unknown place. HSI SA's performed Department of Homeland Security (DHS) database checks.

8.    These checks showed that on or about July 8, 1999, Border Patrol Agents (BPA) arrested and processed MEJIA-AMADOR at the Douglas, Arizona Border Patrol Station, near the United States and Mexico border. MEJIA-AMADOR was charged with being an Alien Present without Admission or Parole and removed back to Mexico as a Voluntary Return. On or about July 30, 2001, MEJIA-AMADOR applied for Temporary Protected Status and an Employment Authorization Card. On or about January 17, 2012, MEJIA-AMADOR was sent notice that both his application for an Employment Authorization Card and Temporary Protected Status had been denied.

9.    DHS records checks showed that MEJIA-AMADOR was not a citizen or national of the United States and was present in the United States without having been admitted or paroled after inspection by an Immigration Officer, in violation of 212(a)(6)(A) of the Immigration and Nationality Act. Based on these facts, HSI Group Supervisor (GS) Steven Munson issued and signed an ICE Form I-200 - Warrant for Arrest of Alien, a civil administrative arrest warrant, for MEJIA-AMADOR.

ARREST OF MEJIA-AMADOR: May 29, 2025

10.    On May 29, 2025, HSI SAs and I conducted surveillance in Olympia, Washington at MEJIA-AMADOR's suspected residence. During the surveillance, I identified a subject that appeared to be MEJIA-AMADOR based on his height, weight, and appearance matching information contained in DHS databases. MEJIA-AMADOR was wearing a mask as the time. I witnessed MEJIA-AMADOR exit the residence, enter a white in color Ford F150, and drive away from the property. Based on these facts, HSI SAs and I followed the vehicle and conducted a vehicle stop.

Complaint - 4
*United States v. Mejia-Amador*
USAO No. 2025R00686

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

11.     I contacted the subject believed to be MEJIA-AMADOR and asked him for his driver's license, which he provided. The Washington state driver's license displayed MEJIA-AMADOR's photograph, full name, date of birth, and home address. I asked the subject believed to be MEJIA-AMADOR to remove the mask as well to which he obliged. Once the subject removed the mask, I was able to positively identify MEJIA-AMADOR as the driver of the vehicle.

12.     I requested that MEJIA-AMADOR exit the vehicle and he complied. Once outside of the vehicle, HSI SAs detained MEJIA-AMADOR in handcuffs. The assisting HSI SAs and I identified ourselves as immigration officials and noticed that MEJIA-AMADOR had a knife in his front right pocket. I asked MEJIA-AMADOR if he had any other weapons on his person or inside of the vehicle. MEJIA-AMADOR hesitated in responding and then stated that he had a firearm resting in the front driver's side door of the vehicle, which was open at the time. I looked at the driver's side door and based on my training and experience as a law enforcement officer for over sixteen years, identified what appeared to be the grip of a firearm resting in the driver's side door pocket in plain view.

13.     HSI SAs removed from the vehicle and identified the firearm as a silver and black in color Taurus branded revolver, fully loaded with seven (7) rounds of ammunition. The firearm was secured on scene and was later entered into HSI evidence for further processing.

14.     HSI SA Reese Berg and I proceeded to conduct a recorded interview with MEJIA-AMADOR in English, which MEJIA-AMADOR advised he could speak and understand. MEJIA-AMADOR was read his Miranda Right's via an ICE Form 73-025 Statement of Rights. Since MEJIA-AMADOR was detained in handcuffs, he was unable to sign the form but stated he understood his rights and continued speaking with SA Orlando and SA Berg.

Complaint - 5
*United States v. Mejia-Amador*
USAO No. 2025R00686

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

15.     During the interview, MEJIA-AMADOR admitted that he knew he was in the country illegally, that he was in possession of the firearm inside of his vehicle that HSI SAs recovered and made statements that he had an additional ten firearms inside of his residence.

16.     I requested consent from MEJIA-AMADOR to take the additional firearms he had mentioned into law enforcement custody from his residence, and he agreed. GS Munson, SA Berg, additional HSI SAs, and I attempted to contact MEJIA-AMADOR's wife at his residence to obtain consent from her as well to take custody of the firearms as MEJIA-AMADOR had consented to, to no avail. I attempted to positively identify MEJIA-AMADOR's wife while speaking to her but was unsuccessful as well. HSI SAs and I ultimately left the location due to officer safety concerns.

17.     MEJIA-AMADOR was transported to the Tukwila ICE Processing Center in Tukwila, Washington for processing without incident where he remains administratively detained pending a hearing before an immigration judge scheduled for June 10, 2025.

18.     On May 30, 2025, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) SA Brian Arnold gave a verbal nexus opinion that the seized .357 Magnum Taurus branded firearm and ammunition were not manufactured in the state of Washington.

//

//

//

Complaint - 6
*United States v. Mejia-Amador*
USAO No. 2025R00686

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

19.    Based on the foregoing, I have probable cause to believe that MEJIA-AMADOR, as an alien unlawfully present in the United States and prohibited from possessing firearms and ammunition, did knowingly and intentionally possess a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(5).

_____
DANIEL A. ORLANDO, Affiant
Special Agent, HSI

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 5th day of June 2025.

_____
GRADY J. LEUPOLD
United States Magistrate Judge

Complaint - 7
*United States v. Mejia-Amador*
USAO No. 2025R00686

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800